1  MICHAEL R. MARRINAN (SBN 90484)
   Attorney at Law
2  Law Offices of Michael R. Marrinan
   614 Fifth Avenue, Suite D
3  San Diego, CA 92101
   Telephone: (619) 238-6900
4  Facsimile: (619) 515-0505

5  Attorney for Plaintiff

FILED

2008 JUL 22 PM 12: 08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

'08 CV 1312 L BLM

6

7

8

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11  DOMINIC CALO,                        )  Case No.
                                         )
12                    Plaintiff,         )  **COMPLAINT FOR DAMAGES**
                                         )  **AND DEMAND FOR JURY TRIAL**
13          vs.                          )
                                         )
14  CITY OF SAN DIEGO,                   )  1. 42 U.S.C. § 1983–Civil Rights
    JON CHERSKI, B. PHELPS              )     Violations
15  and DOES 1-20,                       )  2. 42 U.S.C. §1983–Unlawful Customs,
                                         )     Policies, Habits
16                    Defendants.        )
    _____)

17

18       Plaintiff alleges:

19                        **JURISDICTION**

20       1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §

21  1983, et seq., and the Fourth and Fourteenth Amendments to the United States

22  Constitution, for personal injuries and violation of constitutional rights by defendant City

23  of San Diego and its police officers, Jon Cherski and B. Phelps. Jurisdiction is founded

24  on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional

25  provisions.

26  ///

27  ///

28  ///

1

# ORIGINAL

## **GENERAL ALLEGATIONS**

2.  Plaintiff is and was at all material times mentioned herein a resident of the County of San Diego, State of California.

3.  At all times mentioned herein defendants Cherski, Phelps and DOES 1 through 10 were employees of defendant County of San Diego and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  The individual defendants named above and DOES 1 through 10 are sued individually and in their capacities as employees of the City of San Diego.

4.  Defendant City of San Diego is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

5.  The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names.  Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6.  Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and were, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiffs' injuries were proximately caused by the actions of each.

/ / /

/ / /

2

**FACTUAL ALLEGATIONS**

7. The plaintiff, Dominic Calo, is a 20 year old law abiding citizen with no criminal record.

8. On September 3, 2007 at approximately 5:00 p.m., Mr. Calo was in Pacific Beach preparing to head home from a day at the beach. At approximately the same time numerous San Diego police officers had responded to the beach to assist in controlling an unruly Labor Day crowd. Mr. Calo and his companions were not part of the unruly crowd.

9. Mr. Calo was away from the large crowd on the sand, in a calm area of the boardwalk. He was on his way to his truck to leave the beach for the day. One of the many officers who responded to the beach had parked his car in such a way that it blocked Mr. Calo's truck so Mr. Calo was unable to leave the area. Mr. Calo was standing near a group of several police officers, at least two of whom had police dogs with them. Mr. Calo asked various officers if they could move the police car so he could leave in his truck.

10. Suddenly, and without warning, Mr. Calo was grabbed by an officer who had a dog with him, later determined to be defendant Cherski. Moments later, Mr. Calo was attacked by another police dog who apparently had been released by its handler, defendant Philips. The dog bit Mr. Calo on the hip and hand, causing severe pain and injury. Mr. Calo was knocked to the ground and sand got into his wounds. Mr. Calo stood up and asked if he could have a paramedic help clean the sand out of his wounds. He was then tackled to the ground by a human officer and arrested by defendants Cherski and Phelps.

11. Mr. Calo was taken, in custody, to a hospital where he was treated for his injuries. He was then taken to jail and booked by defendants on several false charges, including battery on an officer with injury (P.C. § 243(c)), willful and malicious injury to a police dog (P.C. § 600(a)) and resisting, obstructing or delaying a peace officer in the performance of his duties (P.C. § 148(a).) All of these charges were false.

1    12.  Mr. Calo had to post substantial bail in order to be released from jail.  Later,

2  he was charged in court with a single violation, P.C. § 148, based upon false police

3  reports filed by defendants Cherski and Phelps.  Mr. Calo was forced to spend thousands

4  of dollars in legal fees to defend this false charge and prepare for trial.  Weeks later,

5  shortly before trial,  this false charge was dismissed in its entirety.  As a result of this

6  false arrest Mr. Calo was also referred to the D.M.V. which refused to issue his certificate

7  as an ambulance driver based upon the false charges leveled against him by defendants at

8  the time of Mr. Calo's arrest.  Mr. Calo incurred additional time, expenses and emotional

9  distress in fighting this false charge at the D.M.V.  Eventually, after a review the D.M.V.

10  set aside its previous ruling.

11                          **FIRST CAUSE OF ACTION**

12                    [42 U.S.C. § 1983 Constitutional Violations--
     Unlawful Search and Seizure and Excessive Force]
13

14    13.  Plaintiff realleges and incorporates by reference each and every allegation

15  contained in Paragraphs 1 through 12 above as though fully set forth herein.

16    14.  As a result of the acts alleged above, particularly the false arrest and false

17  charges described above, Plaintiff was unlawfully arrested and thus unlawfully seized by

18  Defendants Cherski and Phelps, without a warrant or probable cause.  Thus, Plaintiff

19  suffered a false arrest and unlawful seizure in violation of his constitutional rights as

20  guaranteed by the Fourth Amendment to the United States Constitution.  As a result,

21  Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to

22  be proven at trial.

23    15.  As a further result of the acts alleged above, particularly the act of filing false

24  police reports as described above which caused Plaintiff to be charged with a false

25  criminal violation, Plaintiff suffered a false and/or malicious prosecution, in violation of

26  his right against unreasonable seizures as guaranteed by the Fourth Amendment and/or

27  his right to due process of law as guaranteed by the Fourteenth Amendment to the U.S.

28  Constitution.  As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. §

4

1   1983, et seq. in an amount to be proven at trial.

2       16.  As a result of the acts alleged above, particularly the unjustified and

3   unnecessary use of force on Plaintiff, Defendants used unreasonable, unjustified and

4   excessive force upon Plaintiff, either directly or via their failure to intervene to prevent or

5   stop the excessive force being used on Plaintiff.  This unreasonable and excessive force

6   and failure to intervene constituted an unlawful seizure, in violation of Plaintiff's

7   constitutional rights as guaranteed by the Fourth Amendment to the United States

8   Constitution.  As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. §

9   1983 in an amount to be proven at trial.

10      17.  As a proximate result of the acts alleged above,  Plaintiff was injured in mind

11  and body.  Plaintiff suffered severe pain and injuries from dog bites to his hip and hands.

12  He also suffered numerous bruises, cuts and scrapes, some of which occurred when he

13  was attacked and taken to the ground.

14      18.  As a further result of the acts alleged above, Plaintiff incurred substantial

15  economic losses, including those associated with legal fees to defend himself against false

16  charges and allegations and lost earnings and earning capacity as a result of the false

17  referral to the D.M.V.  Further, Plaintiff suffered extreme emotional distress, including

18  fear, anxiety and humiliation resulting from his false arrest and the attack by the dog and

19  officers, as well as emotional distress suffered when he was placed in jail on the night of

20  this incident, suffering the indignities of being booked and incarcerated in the county jail.

21  Plaintiff is therefore entitled to general and compensatory damages in an amount to be

22  proven at trial. Plaintiff incurred medical expenses, legal fees  and other expenses and

23  damages as well.  Plaintiff is therefore entitled to general and compensatory damages in

24  an amount to be proven at trial.

25      19.  In committing the acts alleged above, Defendants Cherski and Phelps acted

26  maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings

27  and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and

28  punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

20.  Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 19 above as though fully set forth herein.

21.  On information and belief Plaintiff alleges that defendant City of San Diego, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including its K-9 officers and dogs and Officers Cherski and Phelps herein, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action.  Plaintiff is further informed and believes that defendant City has a custom, policy or practice of failing to take corrective or disciplinary action against officers who use make false arrests, file false police reports and use excessive force or otherwise act improperly,  thus leading to the constitutional violations against Plaintiff as described above.    As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

22.  Further, on information and belief Plaintiff alleges that defendant City of San Diego, through its police department, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by police officers, the making of false arrests by officers, and the filing of false reports by officers, including the individual defendants herein.

23.  As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiff suffered the constitutional violations, injuries and damages alleged in the First Cause of Action and thus is entitled to general and compensatory damages against defendant City of San Diego in an amount to be proven at trial.

/ / /

/ / /

/ / /

6

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1.  For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2.  For exemplary and punitive damages against Defendants Cherski and Phelps only, in an amount to be proven at trial;

3.  For costs of suit herein, including reasonable attorneys fees; and

4.  For such other relief as the Court deems proper.

Dated: June 30, 2008

MICHAEL R. MARRINAN
Attorney for Plaintiff

Plaintiff hereby demands a jury trial in this action.

Dated: June 30, 2008

MICHAEL R. MARRINAN
Attorney for Plaintiff

7

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153214    — TC

# July 22, 2008
# 12:07:47

## Civ Fil Non-Pris
USAO #.: 08CV1312
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC2389


**Total—> $350.00**


FROM: DOMINIC CALO
        VS
        CITY OF SAN DIEGO

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DOMINIC CALO

**DEFENDANTS**

CITY OF SAN DIEGO, JON CHERSKI, B. PHELPS and DOES 1-20

**FILED**

2008 JUL 22 PM 12: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael R. Marrinan, Esq.  619-238-6900
614 Fifth Ave., Ste. D  San Diego, CA 92101

Attorneys (If Known)

**'08 CV 1312 L BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
False Arrest and Excessive Force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Damages according to proof

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   7-1-08

SIGNATURE OF ATTORNEY OF RECORD   _Michael Marrinan_

**FOR OFFICE USE ONLY**

RECEIPT #  153214   AMOUNT  $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FAC  7/22/08

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                Example:            U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.